IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:15-CR-51-BO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | )  **ORDER** |
| | ) |
| MARCUS SHUAIB SMITH | ) |

This matter comes before the Court on defendant Marcus Smith's motion to review the order detaining him pending trial or to set a new trial date. The government has responded in opposition to defendant's release, but takes no position on the alternate request for a new trial date. For the following reasons, defendant's motion is granted in part and denied in part.

## BACKGROUND

Mr. Smith is charged with possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) and aiding and abetting the possession with intent to distribute 50 kilograms or more of marijuana, in violation of 21 U.S.C. § 841(a)(1). He was arrested and taken into federal custody on or about February 27, 2015. The Court entered a temporary order of detention, and following a detention hearing held on March 5, 2015, Magistrate Judge Robert T. Numbers entered an order granting the government's motion for detention pending trial.

A trial was held from August 17, 2015, through August 19, 2015. The jury was unable to reach a verdict on both counts, and the Court declared a mistrial at defendant's request. Defendant orally moved for release pending retrial at the trial's conclusion. The Court denied the motion, although it invited defendant to renew his request via written motion. Since the date of the mistrial, each party has sought and received one continuance. The most recent continuance

set the retrial for March 2016. Because of the extended continuance, defendant now requests that the Court modify the detention order or reschedule the retrial for the February 2016 term.

DISCUSSION

The Court has the discretion to review *de novo* and amend a detention order entered pursuant to 18 U.S.C. § 3142. 18 U.S.C. § 3145(b); *United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989). In determining whether there are conditions of release that will reasonably assure the appearance of the defendant at trial and the safety of any other person or community, the Court must consider the factors set forth in § 3142(g). The charges levied against defendant carry a presumption of detention. 18 U.S.C. § 3142(e)(3)(A). This presumption "imposes on the defendant only the burden *of production* of proof. It does not also shift to him the ultimate burden of persuasion concerning the risk of flight and danger to community safety." *United States v. Tyson*, 7:11-CR-105-3F, 2011 WL 4443253, *1 (E.D.N.C. Sept. 23, 2011). "Upon the introduction of evidence in support of his release, the statutory presumption in favor of detention does not vanish, but retains evidentiary weight and remains as one factor to be considered." *Id*.

Defendant offers the testimony of his wife at the original detention hearing, his criminal history, and the statements of a local prosecutor in an unrelated state trial in support of his request for release. The Court finds that this does not rebut the presumption of detention. Considering the testimony *de novo*, the Court agrees with Magistrate Judge Numbers's original assessment that the testimony of defendant's wife is insufficient to rebut entirely the presumption of detention. This is particularly true in light of defendant's criminal history, which includes numerous marijuana-related charges and a conviction for robbery with a dangerous weapon, and the newly-introduced evidence that defendant attempted to influence the testimony of a government witness. In light of this evidence, which was not present at the original detention

2

hearing, the Court finds that the government has proven by clear and convincing evidence both that there are no conditions that will reasonably assure the safety of the community and by a preponderance of the evidence that there are no conditions that will ensure Mr. Smith's appearance in court. 18 U.S.C. § 3142(e)(1). Accordingly, defendant's motion for release is denied.

In the alternative, defendant has asked for a trial date in February 2016. The government takes no position on this request. In the interest of justice and in the exercise of its discretion, the Court grants defendant's request for an earlier trial date as set forth in the notice of hearing filed on January 4, 2016. [DE 127].

## CONCLUSION

For the foregoing reasons, defendant's motion to review the detention order or to set a new trial [DE 123] is GRANTED IN PART and DENIED IN PART. The Court declines to release defendant, but grants his alternative request for an earlier trial date. Jury selection and retrial will commence on February 2, 2016, in front of the Honorable W. Earl Britt.

SO ORDERED, this __7__ day of January, 2016.

*[signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3
Case 5:15-cr-00051-BR   Document 129   Filed 01/11/16   Page 3 of 3