IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-51-BR
No. 5:18-CV-499-BR

| | | |
|---|---|---|
| MARCUS SHUAIB SMITH, | ) | |
| | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

This matter is before the court on the government's motion to dismiss petitioner's 28 U.S.C. § 2255 motion. (DE # 242.) Petitioner filed a response in opposition to the government's motion, (DE # 247), and a motion to supplement his § 2255 motion, (DE # 248).

In 2016, a jury convicted petitioner of conspiracy to distribute and possess with the intent to distribute marijuana in violation of 21 U.S.C. § 846 and possession with intent to distribute 50 kilograms or more of marijuana and aiding and abetting the same in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1).[1] The court sentenced petitioner to a total term of 132 months imprisonment. Petitioner appealed the court's order denying his motion to suppress. The Fourth Circuit Court of Appeals affirmed. (DE # 197.) On 30 October 2017, the Supreme Court denied petitioner's petition for a writ of certiorari. Smith v. United States, 138 S. Ct. 406 (2017) (mem.). On 19 October 2018, petitioner timely filed his § 2255 motion. (DE # 234.) In response, the government filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

> It is well established that a motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint, and that the legal sufficiency is determined by assessing

---

[1] In 2015, petitioner initially went to trial. The jury could not reach a unanimous verdict on either charge, and, therefore, the presiding district judge declared a mistrial. The case was reassigned to the undersigned prior to the 2016 retrial.

whether the complaint contains sufficient facts, when accepted as true, to "state a claim to relief that is plausible on its face." This plausibility standard requires only that the complaint's factual allegations "be enough to raise a right to relief above the speculative level."

Houck v. Substitute Tr. Servs., Inc., 791 F.3d 473, 484 (4th Cir. 2015) (citations omitted). This standard applies equally to a Rule 12(b)(6) motion challenging a § 2255 motion. See Rule 12, Rules Governing Section 2255 Proceedings (applying the Federal Rules of Civil Procedure to § 2255 proceedings to the extent such rules are not inconsistent with any statute or the § 2255 rules).

At the outset, the court considers petitioner's motion to supplement. He seeks to supplement his sixth claim with additional Fourth Circuit case law. The government did not file a response to the motion, and there being no apparent prejudice, the court will allow the motion.

In his § 2255 motion, petitioner alleges seven claims and requests that the court vacate his convictions and sentence. In his first claim, petitioner challenges the denial of his motion to suppress. (Mem., DE # 234-1, at 2; see also Mot., DE # 234, at 4.) Specifically, he argues that the court should have suppressed the evidence seized pursuant to warrants permitting GPS tracking devices on his spouse's vehicles because the warrants were based upon false and misleading information. (Mem., DE # 234-1, at 2-5; see also Ex. A, DE # 234-3; Resp., DE # 247, at 4-5.) The government argues this claim should be dismissed because petitioner raised this issue on direct appeal and cannot relitigate it on collateral review. (Mem., DE # 243, at 4-5.) The court agrees.

As noted above, petitioner appealed the court's order denying his motion to suppress. Ordinarily, a district court will not consider on a habeas corpus motion, a claim the petitioner

2

raised on direct appeal. See United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004) ("Because the Defendants have not pointed to any change in the law that warrants our reconsideration of these claims, we agree with the district court that they cannot relitigate these issues [in a § 2255 proceeding]."); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (recognizing that a § 2255 petitioner cannot "recast, under the guise of collateral attack, questions fully considered by th[e appellate] court"). Although petitioner relies on Supreme Court and Fourth Circuit case law decided *after* his direct appeal, Carpenter v. United States, 138 S. Ct. 2206 (2018); Collins v. Virginia, 138 S. Ct. 1663 (2018); United States v. Lyles, 910 F.3d 787 (4th Cir. 2018), those decisions do not assist him.

The Supreme Court cases on which petitioner relies concern warrantless searches. See Carpenter, 138 S. Ct. at 2221 (holding that the government's acquisition of cell phone location records was a search under the Fourth Amendment requiring a warrant supported by probable cause unless an exception applies); Collins, 138 S. Ct. at 1675 (holding that the automobile exception to the warrant requirement does not justify a warrantless entry onto curtilage). In this case, unlike in Carpenter and Collins, law enforcement *did* obtain warrants authorizing the subject searches.

In Lyles, the Fourth Circuit examined whether trash pull evidence adequately supported a search warrant pertaining to the defendant's home. 910 F.3d at 792. The court "recognized that evidence from trash pulls can be used to support a search warrant." Id. (citations omitted). The court concluded, however, "a trash pull revealing evidence of three marijuana stems, three empty packs of rolling papers, and a piece of mail, *standing alone*," id. at 793 (emphasis added), "did not provide a substantial basis for the magistrate to find probable cause to search the home

for evidence of marijuana possession," id. at 794, and the court declined to apply the good faith exception to the exclusionary rule, id. at 796.

Unlike Lyles, the trash pull evidence here was not the only evidence used to support issuance of the warrants. (See Order, DE # 59, at 2.) Additionally, this court found that "even if the affidavits [filed in support of the warrants] did not support a finding of probable cause, the good faith exception [to the exclusionary rule] applies." (Id. at 6.) On appeal, the Fourth Circuit reached the same conclusion. (See DE # 197, at 3-4.) Because petitioner collaterally challenges a ruling previously considered on direct appeal and recent case law has no impact, petitioner may not relitigate the issue, and his first claim will be dismissed.

The majority of petitioner's six remaining § 2255 claims are based on issues which should have been raised on direct appeal. For example, petitioner alleges there was insufficient evidence for the jury to convict him. (Mem., DE # 234-1, at 11-13.) The government argues that this claim and others should be dismissed because those issues could have been, but were not, raised on direct appeal. (Mem., DE # 243, at 5-6.)

> [T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice. The procedural-default rule is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments.

Massaro v. United States, 538 U.S. 500, 504 (2003) (citations omitted). "Ineffective assistance of counsel . . . is cause for a procedural default." Murray v. Carrier, 477 U.S. 478, 488 (1986). To establish cause for default based upon ineffective assistance of counsel, a petitioner must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir.

4

1999).

In petitioner's seventh and final claim, petitioner aseerts a freestanding claim of ineffective assistance of counsel. He alleges not only that trial counsel acted unreasonably in many ways but also that appellate counsel acted unreasonably by failing to raise the issues identified in his other claims on direct appeal. (See Mem., DE # 234-1, at 21-24; Pet'r's Aff., DE # 234-2, at 1-3.) He further contends that he suffered prejudice in that he was wrongly convicted and received a longer sentence and that meritorious issues were not raised on appeal. (See Mem., DE # 234-1, at 23, 24; Pet'r's Aff., DE # 234-2, at 3, 4; Resp., DE # 247, at 4.) At this stage of the proceeding, the court concludes petitioner has sufficiently alleged an ineffective assistance of counsel claim (his seventh claim) as well as cause and prejudice to avoid procedural default of claims two through six. The court will not dismiss petitioner's remaining claims for failing to raise the issues on direct appeal.

For the foregoing reasons, petitioner's motion to supplement is ALLOWED. The government's motion to dismiss is GRANTED IN PART and DENIED IN PART. Petitioner's first claim is DISMISSED. Petitioner's other six claims remain. Within 30 days, the government shall file an answer to the § 2255 motion. Any summary judgment motion must be filed 30 days thereafter.

This 14 April 2020.

_____
W. Earl Britt
Senior U.S. District Judge